UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ABX LOGISTICS (USA) INC.,** ) | Case No. |
| ) | **District Judge** |
| **Plaintiff,** ) | **Magistrate Judge** |
| ) | |
| v. ) | |
| ) | |
| **MENLO LOGISTICS, INC. d/b/a** ) | |
| **MENLO WORLDWIDE LOGISTICS,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

ABX Logistics (USA) Inc. (hereinafter "ABX"), by its undersigned attorneys, allege as follows as and for its Complaint:

### JURISDICTION

1. Jurisdiction of this Court is based on diversity pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

### VENUE

2. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(a), in that the defendant Menlo Logistics, Inc. d/b/a Menlo Worldwide Logistics (hereinafter "Menlo") resides within the venue and jurisdiction of this Honorable Court.

### PARTIES

3. At all times referred to herein, plaintiff ABX was and is a corporation duly organized and existing under the laws of the State of New York, with a principal place of

business located within the city of Atlanta, state of Georgia at 8200 Roberts Drive, Suite 200, Atlanta, Georgia 30350.

4. At all times referred to herein, defendant Menlo was and is a foreign corporation, organized and existing under the laws of the Delaware, registered to do business in the state of Michigan, its principal place of business located at 2221 Old Earhart Road, Suite 100, Ann Arbor, Michigan 48105.

## **FACTS**

5. That Menlo contracted ABX to arrange for the transport of a quantity of automotive manufacturing machinery and parts (the "merchandise") from General Motors plants located in Lansing and Canton, Michigan, to a location in the State of Texas, incident to the international shipment of the merchandise by ocean common carrier to locations in Brazil.

6. That ABX provided price estimates for the above-mentioned services.

7. That Menlo accepted the price estimates provided by ABX.

8. That in addition to the transportation services provided by ABX, as aforesaid, ABX performed or arranged for ancillary services necessary to facilitate the transportation of the merchandise, including, but not limited to, packing, repacking, crating, re-weighing, terminal loading and flat racking.

9. That ABX fully performed the above-mentioned transportation and ancillary services.

10. That invoices were provided by ABX to Menlo for the above-mentioned services in the usual course of business, totaling $719,581.24.

11. That due to some disputes as to the accuracy of some of the invoice charges, ABX and Menlo agreed on a liquidated sum that was due ABX in the amount of $681,075.25

12. That to date Menlo has remitted the sum of $378,805.79 on account of the agreed upon liquidated amount due ABX and there remains an open, delinquent, balance of $302,269.46 due and owing ABX.

13. That Menlo has failed and refused, and continues to refuse, to pay the delinquent balance due ABX, despite demands for payment by ABX.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST MENLO

14. ABX repeats and realleges each and every allegation in paragraphs "1" through "13" of this complaint as if fully set forth at length herein.

15. That ABX and Menlo entered into a contract for the performance of the above-mentioned transportation services in consideration for agreed upon consideration.

16. That ABX fully performed its obligations under said contract.

17. That Menlo has not paid ABX the full amount agreed upon by the parties.

18. That the agreed upon amounts are due and owing to ABX.

19. That due to its failure to pay the amounts due and owing, Menlo has breached its contract with ABX.

20. That due to its breach of contract, Menlo owes ABX the sum of $302,269.46.

21. By reason of the foregoing, ABX has been injured in the amount of, and is due and owing the sum of $302,269.46 from Menlo.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST MENLO

22. ABX repeats and realleges each and every allegation in paragraphs "1" through "21" of this complaint as if fully set forth at length herein.

23. That after fully performing the above-mentioned transportation services, ABX sent invoices to Menlo in the usual course of business for the agreed upon amount.

24. That said invoices requested a total payment of $719,581.24 for the above-mentioned services.

25. That the parties entered into an agreement for the payment of a liquidated sum, payment of which would constitute full and final satisfaction of the aforementioned invoices for services rendered by ABX for the account of Menlo, in the amount of $681,075.25.

26. That to date Menlo has remitted $378,805.79 on account of the above liquidated sum due ABX, leaving an unpaid, delinquent, balance of $302,269.46.

27. That Menlo has failed to remit, and continues to fail and refuse and pay, the outstanding balance of its account due ABX

28. By reason of the foregoing, ABX has been injured in the amount of, and is due and owing the sum of $302,269.46 from Menlo.

WHEREFORE, plaintiff, ABX Logistics (USA) Inc. demands judgment:

1. On its first cause of action in the amount of $302,269.46, and;

2. On its second cause of action in the amount of $302,269.46, and;

3. On all causes of action, pre-judgment interest from 28th day of October, 2008, attorneys' fees, the costs of this action and such other further relief as to the Court may find just and proper.

Dated:  New York, New York
        July 14, 2009

        Walton & Donnelly, P.C.

        s/Jonathan T. Walton, Jr.
        Jonathan T. Walton, Jr. Bar # P32969
        535 Griswold Street, Ste. 1550
        Detroit, Michigan 48226
        (313) 963-8989
        jonathan.walton@waltondonnelly.com

        Carroll, McNulty & Kull L.L.C.
        By: Richard L. Furman (NYS Atty Reg # 14007200
        570 Lexington Avenue, 10th Floor
        New York, New York 10022
        (212) 252-0004
        Our File.  970-8
        rfurman@cmk.com

        Attorneys for Plaintiff
        ABX LOGISTICS (USA) INC.

S:\A\ABX v. Menlo\Pleadings\complaint 071409.rlf.doc