**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ABX LOGISTICS (USA), INC.,**

      **Plaintiff,**                      **CIVIL ACTION NO. 09-CV-12792**

  vs.                             **DISTRICT JUDGE VICTORIA A. ROBERTS**

**MENLO LOGISTICS, INC,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**d/b/a MENLO WORLDWIDE**
**LOGISTICS, and TOWER**
**AUTOMOTIVE LLC., et al.**

      **Defendants.**
_____/

**ORDER GRANTING IN PART AND DENYING IN PART TOWER AUTOMOTIVE, LLC'S MOTION TO COMPEL DISCOVERY FROM ABX LOGISTICS (USA) INC. AND BRIEF IN SUPPORT (DOCKET NO. 42)**

This matter is before the Court on Defendant/Cross-Plaintiff/Counter-Defendant Tower Automotive, LLC's (Tower) Motion To Compel Discovery From ABX Logistics (USA) Inc. And Brief In Support filed on September 15, 2010. (Docket no. 42). Plaintiff ABX Logistics (USA), Inc. (ABX) Filed its Opposition To Defendant Tower Automotive LLC's Motion To Compel Discovery on September 28, 2010. (Docket no. 44). Defendant filed a Reply on October 8, 2010. (Docket no. 47). The parties filed a Joint Statement of Resolved and Unresolved Issues on October 14, 2010. (Docket no. 48). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 45). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 46). The motion is now ready for ruling.

**1.    Facts and Claims**

Plaintiff brings this action alleging breach of contract, breach of contract implied in fact and promissory estoppel against Defendants Menlo and Tower and breach of contract implied in

law/unjust enrichment against Tower. (Docket no. 32). Plaintiff ABX alleges that Defendant Tower asked Defendant Menlo to arrange logistics of the transport of Tower's Presses and other machinery from Michigan to Texas. Plaintiff ABX further alleges that ABX arranged the transportation through Menlo and that both Defendants refuse to pay a balance of approximately $302,296.46. (Docket no. 12).

Tower served its First Request For Production of Documents and First Set of Interrogatories on ABX on June 10, 2010. (Docket nos. 42-2, 42-3). ABX served is responses and answers on July 12, 2010 and Plaintiff alleges that ABX's answers and responses were not sufficient. (Docket nos. 42-4, 42-5). As set forth in the Joint Statement, the parties have been able to resolve much of Tower's motion. The remaining issues are Request for Production Nos. 7, 8, 10, 24, 25 and 26 and Interrogatory Nos. 7, 8, 11 and 12.

**2.      Analysis**

Pursuant to Fed. R. Civ. P. 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Document Request Nos. 7 and 8 ask ABX to identify and produce all the documents it contends "constitute the contract on which you base your claims against" Tower and Menlo, respectively. (Docket no. 42-4). Despite ABX's objections to the contrary, the Court finds nothing overly broad, burdensome, vague or ambiguous about requesting the contract or documents that constitute the contract in a breach of contract action and the request is relevant. Nor does the Court

find that Tower's language "constitute the contract" calls for a legal conclusion. The requests are specifically limited in scope to ABX's own claims. ABX's objections and vague response referencing other documents is insufficient. The Court will order ABX to produce all documents responsive to Document Request Nos. 7 and 8 in compliance with Fed. R. Civ. P. 34 and amend its response to state whether it has produced all responsive documents within its possession, custody or control. Fed. R. Civ. P. 34(a)(1).

Document Request No. 10 asks ABX to "[i]dentify and produce all documents referencing, reflecting, or constituting a purchase order received from Tower that relates in any way to the Presses." (Docket no. 42-4). ABX's repeated general objection that the documents "may be obtained from the Defendants with substantially greater facility than from ABX" is without merit in this Response and all the others. The Presses are defined as those at issue in ABX's action. (Docket no. 42-2). The Court finds Defendant's remaining objections without merit. Defendant's response identifying two blocks of bates numbered documents (totaling 289 pages) "as documents that *may* be responsive" does not comply with Rule 34. (Docket no. 42-4, emphasis added). The Court will order ABX to produce all responsive documents and further amend its response to state whether it has produced all the responsive documents within its possession, custody or control.

Document Request No. 24 asks ABX to "[i]dentify and produce all documents relating to the storage of the Presses." (Docket no. 42-4). Despite ABX's arguments to the contrary, the scope of the request is limited by the defined "Presses." For the reasons set forth below, with respect to Document Request Nos. 25 and 26, the Court will further limit Request No. 24 to storage only from Michigan to Texas. The Court will order ABX to produce all responsive documents and further

amend its response to state whether it has produced all the responsive documents within its possession, custody or control.

Document Request Nos. 25 and 26 ask for documents related to the exportation of the Presses from the United States and importation of the Presses into Brazil. Tower's cross-claims related to the transport of the presses from Texas to Brazil were dismissed by the Court on January 28, 2011. After careful consideration the Court finds that these two requests relate to the dismissed claims and are not relevant to the remaining claims. Fed. R. Civ. P. 26(b). The Court will deny Tower's Motion as to Document Request Nos. 25 and 26.

Interrogatory Nos. 7 and 8 contain subparts which seek details of the factual basis for certain allegations made by ABX. Interrogatory No. 11 contains subparts which seek details regarding factual support for each item of damages ABX claims it is owed. Interrogatory No. 12 contains subparts which seek the details of all "ancillary services ABX alleges it performed for which it is owed payment by Tower." The interrogatories are relevant and ABX's boilerplate objections are without merit, as set forth with respect to the Document Requests above. The Court will order ABX to answer Interrogatory Nos. 7, 8, 11 and 12 in full by sub-part.

Attorneys fees will not be awarded. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Tower Automotive, LLC's Motion To Compel Discovery From ABX Logistics (USA) Inc. (docket no. 42) is **GRANTED** in part and on or before March 31, 2011 Plaintiff ABX will serve amended responses, all responsive documents and amended answers to Document Request Nos. 7, 8, 10 and 24 and Interrogatory Nos. 7, 8, 11 and 12 as set forth herein.

**IT IS FURTHER ORDERED** that the remainder of Tower Automotive, LLC's Motion To Compel (docket no. 42) is **DENIED** including Document Request Nos. 25 and 26 and the request for attorney fees and costs.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 7, 2011                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 7, 2011                s/ Lisa C. Bartlett
                                    Case Manager